IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DONNA CHERE KING                                                          PLAINTIFF(S)

V.                                                         CIVIL ACTION NO. 3:14CV-253-DAS

COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT(S)

ORDER GRANTING IN PART,
AND DENYING IN PART, THE MOTION FOR ATTORNEYS FEES

This matter is before the court on the motion of plaintiff's counsel for approval of attorney fees pursuant to 42 U.S.C. § 406(b). The attorneys began representing this plaintiff in the administrative proceedings in July, 2012. The plaintiff agreed to pay her attorneys the statutory maximum contingency of twenty-five percent of her back benefits for their representation. The attorneys appealed the initial unfavorable decision of the ALJ, as affirmed by the Appeals Council, to this court and submitted a brief in support of the appeal. The defendant, then confessing the error pointed out in the brief, moved to remand the case under Sentence 4 of 42 U.S.C §405(g).

On remand the plaintiff received a fully favorable decision. The four years of accrued back benefits amounts to $ 56,238.00. Her attorneys now seek approval of $5,850.00 for their representation of the plaintiff in this court. This fee, added to the $ 6,000.00 granted by the defendant for administrative representation, comes to $11,850.00, still less that the contracted twenty-five percent which is $ 14,059.50. In spite of the otherwise capable and successful advocacy provided to their client, and though the Commissioner has not opposed the motion, the

court holds that the request for fees can only be granted in part, because counsel failed to seek attorney's fees under the Equal Access to Justice Act.

There are three different statutes governing the allowance of attorney fees to counsel for successful claimants. Under 42 U.S.C.§ 406(a), the Social Security administration will allow up to 25% of the back benefits for representation at the administrative level, capped at $ 6,000.00. Counsel has already been awarded the statutory maximum for that representation.

Two different statutes govern the allowance of attorney fees for representation in the courts: the Equal Access to Justice Act, 28 U.S.C. § 2414 and 42 U.S.C. § 406(b). Awards can be made under both statutes in appropriate cases, with an offset of EAJA fees against § 406(b) fees. Under EAJA, attorney fees are awarded to the prevailing party in an action against the United States and its agencies, where the government's position lacks substantial justification. Unlike attorney fees pursuant to 42 U.S.C. § 406(b), EAJA fees are awarded against and payable by the Social Security Administration. No EAJA fees were awarded in this case, because counsel never filed a motion for such fees. Because such fees must be sought within sixty days of the entry of judgment, the time for applying has expired. 28 U.S.C. § 2412 (d)(1)(B).

Under 42 U.S.C § 406(b) attorneys may be awarded a "reasonable" attorneys fee for successful representation of a Social Security claimant. The Supreme Court has held that, while the courts must assure that § 406(b) fees are reasonable, the provisions of that section are not meant to "displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants." *Giesbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). While the courts may look at a lodestar analysis in assessing the

reasonableness of attorneys fees, the Supreme Court made clear that attorneys are not limited to recovery of a lodestar amount when they are successful in representing SSA claimants.

In considering the reasonableness of a fee award, the court looks to multiple factors. This court appreciates the time and expertise shown by those attorneys who have devoted all or large portions of their practice to the representation of social security claimants. These practitioners must become familiar with a dense maze of administrative law, the case law specific to this practice and must deal with the complexities of medicine, psychology, and a frequently distressed and desperate clientele. The risk of loss in this representation is real, substantial and unavoidable, regardless of the skill of counsel in selecting and prosecuting cases. While the court will not rubber stamp contracts for the standard 25% contingency if in a particular case it would amount to a windfall for the attorney, between the skill required, the risk of loss accepted, the long delays endemic in the SSA's processing of claims and the smaller back benefits that will come with a Mississippi's generally poorer populace, in this district the maximum contingency fee is frequently also a "reasonable fee."

The court has considered not only the ultimate success in this case, but has considered all of the above factors and reviewed the more than adequate brief filed in the appeal. In every way but one, this court finds no fault with the quality of representation provided—but one—the aforementioned failure to apply for EAJA fees. Had the plaintiff's attorneys applied for EAJA fees in a timely manner, the court would have awarded those fees. Had her attorneys applied for EAJA fees, the offset between those fees and the 406(b) fees would mean thousands of dollars more to the client from her back benefits award. Thus there is an element of conflict between

counsel and their client regarding § 406(b) fee applications.[1] This conflict is ameliorated or eliminated by counsel's first pursuing the client's rights under EAJA. They must at least justify the failure to make the application. Where counsel has failed to provide the plaintiff with the benefit of having a portion of the fees appropriately borne by the government, this court finds that the loss should fall upon counsel, rather than the plaintiff. Other courts have also reduced or denied fees on § 406(b) applications because the attorney failed to seek EAJA fees. *Knagge v Sullivan,* 735 F. Supp. 411, 411 (M.D. Fla. 1990)(The court … is of the opinion that counsel has both statutory and ethical obligations to investigate the propriety of an application for a fee award pursuant to [EAJA] …before receiving approval of a fee award to be deducted from the plaintiff's past-due benefits."); *Dowdy v. Bowen,* 636 F. Supp. 591 , 597 (W.D. Mo. 1986)(It would behoove counsel, in the interest of providing the best possible representation of their social security clients, to first attempt to collect their fee award and recover expenses from the United States, rather than from their client's past-due benefits.); *Harlow v. Astrue*, 610 F. Supp. 2d 1032, 1034 (Neb. 2009)(Denied a § 406(b) claim where EAJA fees would have exceeded the § 406(b) fees) ("For purposes of determining the amount of attorney fees, if any, to award under § 406(b), it is appropriate to consider the amount of attorney fees that might have been awarded under the EAJA,") ; *Shepherd v. Apfel*, 981 F. Supp. 1188 (S.D. Iowa 1997)(Hours and rate reduced where attorney failed to apply for EAJA fees); *Blair v. Colvin*, 2014 WL 3891321 (N.D.

---

[1] The court would point out that there are real and substantial benefits to counsel which should motivate them to pursue EAJA fees. An EAJA award moves the recovery of at least some of the attorney fees to an earlier point in time in the representation. It also assures the attorney of some fee for the representation, even if the client is ultimately denied benefits. Judging from this court's informal conversations with SSA plaintiff's practitioners and the scarcity of § 406(b) attorney fees petitions, EAJA awards must frequently approximate potential § 406(b) awards.

N.Y. August 7, 2014)(Where counsel failed to timely apply for EAJA fees, attorney's fees awarded under § 406(b) were reduced). This court now does as well.

Counsel's itemized statement claims twenty-six hours of attorney time on the representation of the client before this court. Counsel has asked for an hourly rate of $ 225.00 per hour for a total of 5,850.00. In considering this itemization for the purposes of determining what EAJA fees would have been awarded, the court notes that all entries are in hourly and half-hour increments. Because EAJA limits compensation to "the actual time expended," 28 U.S. C. § (d)(1)(B), this court requires counsel to keep contemporaneous time records, billing in tenths of an hour. *Savely v. Commissioner of Social Security*, 2:11CV-227-DAS (N.D. Miss. March 28, 2013). Because some of the times listed exceed the time reasonably spent on the specific tasks, the court finds that it would have reduced the hours claimed by about fifteen percent in calculating EAJA fees.

The hourly rate for attorney fees under EAJA is capped at $125.00 per hour, subject to an adjustment for changes in the cost of living, since the statute's enactment in March 1996. This court has held that cost of living calculations shall be determined using the Consumer Price Index, specifically the All Items Index for the South Region.[2] For 2014 and 2015, when the work before this court was performed, the adjusted maximum rates in this court were $ 189.10 per hour and $ 188.77 per hour respectively. With the reduction in the hours allowed, EAJA fees would be calculated as follows:

| 2014 hours | Hourly rate | Compensation |
|---|---|---|
| 6.375 hours | $ 189.10 | $ 1,205.51 |
| 2015 hours | | |

---

[2] https://data.bls.gov/pdq/SurveyOutputServlet?series_id=CUUR0300SA0,CUUS0300SA0

|  |  |  |
|---|---|---|
| 15.725 | $ 188.77 | $ 2,968.41 |
| | Total EAJA fees awardable | $ 4,173.92 |

Recognizing the risk of loss and the skill required and exercised in the representation of this plaintiff, aside from the failure to apply for EAJA fees, the court feels that it would be too draconian to deduct these potential EAJA fees from the itemization and hourly rate requested. The court finds that it is appropriate to deduct the EAJA fees from the balance of the contracted for twenty-five percent contingent fee. Thus the fees allowed on this motion is calculated as follows.

| | |
|---|---|
| 25% of back benefits | $ 14,059.50 |
| Less §406a legal fees | $ 6,000.00 |
| Balance of back benefits | $ 8,059.50 |
| Less EAJA fees | 4,173.92 |
| § 406(b) fees | $ 3,885.58 |

IT IS ORDERED, that the motion for allowance of attorney fees be granted in part, and denied in part. The court authorizes and directs the Social Security Administration to pay counsel for the plaintiff legal fees in the amount of $ 3,885.58, from the withheld back benefits of the plaintiff under 42 U.S.C § 406(b). The motion is otherwise denied.

SO ORDERED this the 15th day of June, 2017.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE